The People of the State of New York, Respondent, v. Oscar Glassberg, Appellant.▌— Judgment of conviction of the Court of Special Sessions, Borough of Queens, reversed upon the law and the facts, information dismissed and bail exonerated. Rich, Kapper, Hagarty and Scudder, JJ., concur; Lazansky, P. J., dissents, being of opinion that the sign on the window and the other proof in the case clearly indicate that defendant was exposing meat for sale and falsely representing it to be kosher.

The People of the State of New York, Respondent, v. Edward Purtell, Appellant.— Judgment of conviction and order of the County Court of Queens county reversed upon the facts, and a new trial ordered upon the ground that defendant's guilt was not proved beyond a reasonable doubt. Lazansky, P. J., Rich and Kapper, JJ., concur; Hagarty and Scudder, JJ., concur for reversal but are of opinion that the indictment should be dismissed.

The People of the State of New York, Respondent, v. Clifford Shepherd, Appellant.— Judgment of conviction of the County Court of Nassau county reversed upon the law and the facts, and a new trial ordered. It was error for the court to have charged the jury (1) that intercourse by defendant with women of the alleged disorderly house would be conclusive proof of knowledge of the nature of the place, and (2) that Taylor's testimony of information given to defendant that the alleged disorderly house was such was to be considered by the jury whether or not that information was given before or after indictment. Although the following was not urged upon this appeal, it was error to have admitted proof of identification at police headquarters by photographs, especially since the photographs were not produced at the trial, to permit proof of the raid following the last visit of defendant, but at which raid defendant was not present, and for the district attorney to attack the credibility of the People's witness, Taylor, by showing his conviction. In the interests of substantial justice a new trial should be had. Lazansky, P. J., Rich, Hagarty and Scudder, JJ., concur; Kapper, J., dissents and votes to affirm.

The People of the State of New York ex rel. David Combs, Appellant, v. The Superintendent of the Matteawan State Hospital at Beacon, New York, Respondent.— Order dismissing writ of habeas corpus and remanding the relator to the custody of the defendant affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

The People of the State of New York ex rel. Nellie McCoy, Respondent, v. George P. Downey, Appellant.— Appeal dismissed, without costs and without prejudice. The custody of the children was awarded to the father by an order under a previous writ, made by Mr. Justice Fawcett. There is no proof of a change of condition since that time. Under the circumstances, the writ should have been dismissed; but the order from which the appeal has been taken was entered by default, and this requires a dismissal of the appeal without prejudice to a motion to open the default. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.